2 F.3d 1150
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Richard A. KANODE, Defendant-Appellant.
 No. 93-5131.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: August 13, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-92-144)
 Matthew A. Victor, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard A. Kanode appeals the sentence imposed on him after his guilty plea to destruction of government property, 18 U.S.C.A. Sec. 1361 (West 1984), obstructing a federal officer in the performance of his duty, 18 U.S.C.A. Sec. 111(a)(1) (West Supp. 1993), and threatening a witness with intent to retaliate, 18 U.S.C.A. Sec. 1513(a) (West 1984). He contends that the district court clearly erred in refusing to award him a reduction for acceptance of responsibility under guideline section 3E1.1, United States Sentencing Commission, Guidelines Manual (Nov. 1992). We affirm.
 
 
 2
 Kanode incurred the first two charges in May 1992 after he violated the conditions of his supervised release and two federal marshals, assisted by two policemen, attempted to take him into custody. Kanode had to be forcibly handcuffed and placed in the marshals' van. While he was being transported, Kanode kicked out the glass in the side door of the van and escaped briefly. Kanode was subsequently indicted on charges of escape,[1] destruction of government property, and obstructing an officer. Before trial, he requested a psychological examination and was sent to the Federal Correctional Institution at Butner, North Carolina, for evaluation. While he was at Butner, Kanode wrote two threatening letters, one to a police officer who had testified concerning his violation of supervised release, the other to his federal probation officer, who had petitioned for revocation of his supervised release. As a result, a superseding indictment issued in November 1992 added charges of threatening retaliation against a witness and against a federal official.[2] Kanode was found mentally competent, and entered into an agreement to plead guilty to three of the five counts against him.
 
 
 3
 The probation officer recommended that Kanode receive a two-level reduction for acceptance of responsibility. Defense counsel argued at the sentencing hearing that Kanode should receive the three-level reduction available under the 1992 version of guideline section 3E1.1[3] because he entered his guilty plea shortly after the superseding indictment was filed and he was found competent to stand trial. However, the district court decided that Kanode had not accepted responsibility and that no reduction of any kind was warranted. The court noted that Kanode had a long record of violent behavior, that his plea was not timely as to the initial charges, that he had subsequently committed two new and separate acts of criminal conduct in writing the threatening letters, and that he had been uncooperative and seemingly uninterested in opportunities for rehabilitation while at Butner.[4] After the court's ruling, Kanode made a statement in which he readily admitted his guilt, but blamed others for all his bad conduct. He said he had not intended to carry out his threats, and had written the letters because he was upset about his treatment by the staff at Butner.
 
 
 4
 Acceptance of responsibility is a factual question, and we review the district court's determination under the clearly erroneous standard. United States v. Harriott, 976 F.2d 198 (4th Cir. 1992). Contrary to his argument on appeal, Kanode's post-offense rehabilitative efforts, or lack thereof, were properly considered by the district court under the applicable 1992 guideline. U.S.S.G. Sec. 3E1.1, comment. (n.1(g)). Kanode's persistence in criminal conduct after the first indictment was also a relevant consideration. U.S.S.G. Sec. 3E1.1, comment. (n.1(b)). Although Kanode's guilty plea was a factor in his favor, we find that the district court was not clearly erroneous in deciding that it was outweighed by the negative factors, and that on balance Kanode had not demonstrated acceptance of responsibility for his offenses.
 
 
 5
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 18 U.S.C.A. Sec. 751(a) (West Supp. 1993)
 
 
 [2]
 18 U.S.C.A. Sec. 115(a)(1) (West Supp. 1993)
 
 
 [3]
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)
 
 
 [4]
 The district court also observed that since returning to West Virginia Kanode had been stabbed in an incident in the county jail. Defense counsel represented that Kanode was an innocent victim in that incident; the court was skeptical, but did not rely on the event in making its determination